| MARCEL B. DELLANDE, | : | NO. 8288 |
| versus | : | COURT OF APPEAL |
| JOSEPH D. PASCAL | : | PARISH OF ORLEANS |

8288

WILLIAM A. BELL, JUDGE:

June 19th, 1922.

Court of Appeal
Parish of Orleans

Jun 19-22

BY: WILLIAM A. BELL, JUDGE.

Defendant herein appeals from the judgment rendered against him in the sum of $771.33, an amount for which the judge of the trial court found him liable to plaintiff, who has claimed damages in the sum of $1,571.33. Plaintiff and appellee herein has not answered the appeal to this Court, nor prayed in any way for the amendment of the judgment as rendered in his favor. The trial was without jury.

Plaintiff's petition alleges that on the 14th day of September, 1920, at about 2:25 A.M., while driving and operating his Ford automobile down Burgundy Street in this City, and while going in the direction from Canal Street, that at a short distance past the intersection of St. Ann Street his automobile collided with, and ran into a one-horse spring wagon standing some thirty or forty feet from the corner of St. Ann and Burgundy Streets, on the river side of Burgundy and heading down town, and that as a result of said collision his automobile was damaged to the extent of $66.33, and that plaintiff himself sustained damage, including doctor's bill, for $5.00, to the total sum of $1,505.00, making a total amount claimed in the petition of $1,571.33.

It is charged in the petition that in violation of the city ordinances and of all other laws of the road, that defendant's wagon was unlawfully placed in the roadway so that traffic was obstructed, and that no lights were on the wagon to give proper notice to the public of its location, even though unlawfully parked on the street at that time; that petitioner's physical damages resulted in a severe laceration of the ear and chin; that in the hope of avoiding permanent scars he was compelled to submit to a second operation, all of which resulted in great pain and suffering, and that notwithstanding the said operation, he will be permanently scarred and disfigured.

571

We find from the evidence that defendant's wagon was undoubtedly located on the river side of Burgundy Street about thirty or more feet from the corner of St. Ann, the rear part of the wagon being towards St. Ann Street. On the wood side of Burgundy Street, and almost directly opposite the wagon, there was a pile of sand and gravel being used at the time for the purpose of repairing Burgundy Street, and that this sand or gravel pile, together with tool box and cement bags,the latter situated on the wide-walk, were properly lighted by red lights.

There is some confusion about the locality of the sand pile, two of defendant's witnesses and one of plaintiff's witnesses saying that the sand pile was on the right side of the street in front of the wagon. The preponderance of evidence, however, is that the sand pile was located as we have found it, that is, opposite the wagon in question.

It appears from the evidence that plaintiff had been out riding with some friends about mid-night, and after returning from the road to West End with three other men, all of whom had left him, he proceeded down Burgundy Street towards his home, and when reaching the corner of St. Ann Street he observed the sand pile and red lights to the left of his machine, and in his efforts to avoid the same, turned his car to the right, with the result that he ran into the wagon, which he claims not to have seen, and which he swears had no lights of any sort upon it.

The evidence is convincing that at this corner the street was well lighted by electric lights, but there is no evidence to show that at the moment that plaintiff's car came down the street that there was sufficient light for him to see the wagon parked some distance from the corner. He states that while driving, one of the wheels of his machine was on the car track and the other on the wood side, and that when he was next to the sand pile he could not go any other way, and that he hit the wagon, whose right wheel was over the car track; that the

sand pile attracted his attention, and in trying to avoid it, he came into collision with the wagon.

There were no eye witnesses to the accident except the plaintiff himself, who swears that the wagon at the time of the collision was in a slanting position, that the shafts were on the side-walk and the back wheel was on the track.

The evidence is conflicting as to whether there was a light of any sort on the wagon at the time of the collision. The first witness called for the defendant swears that he saw a light on the wagon at about 10:30 o'clock, while passing that corner, but this witness' testimony was entirely discredited by the Judge a quo, who said that he did not believe a word stated by him.

Another witness on behalf of defendant, when asked about the light on the wagon said that he had not observed this fact. Three of the witnesses for plaintiff, that is, himself and two others, give positive testimony to the effect that there was no light whatsoever on the wagon.

The defense offered to this suit is that the plaintiff was guilty of contributory negligence because he was driving a motor vehicle at a rapid speed, and that it was his duty to be on the constant outlook for obstructions in the highway, and that defendant's wagon was at a complete stand-still, and had a red light on the rear thereof. It is further contended that the corner near which the accident occurred was well lighted by electric lights, and that if plaintiff had been vigilant, and had used proper care and caution, he could, or should have seen defendant's wagon. It is also charged that plaintiff was intoxicated and incompetent to drive an automobile, and that St. Ann Street being at the time torn up and under repair, defendant was justified, and in fact compelled to park his wagon on Burgundy Street, for the reason that he could not get ingress or egress to his stable,

which was situated on St. Ann between Burgundy and Dauphine. Defendant finally pleads that there were piles of sand, gravel and rock adjacent to defendant's wagon, which piles were provided with red lights to warn passersby of obstructions in the street.

Observing these several defenses, we are inclined, from the evidence before us, to agree with the judge of the trial court, that they have not been supported by the evidence adduced at this trial. There is some evidence in the record to the effect that plaintiff was intoxicated, but all those who are especially disinterested, particularly the two policemen who came to the scene of the accident, testify to the contrary.

There is nothing in the evidence to show that the plaintiff in any way contributed to the accident, or that he could, or should have seen the obstructing wagon which was entirely devoid of lights or danger signals, and defendant's own contention that the street was under repair, a thing well known to him and not at all, so far as the evidence shows, known to the plaintiff, imposed on him the particular duty of seeing that the roadway was not, through any act of his, additionally obstructed, especially by his wagon placed just at the point where he admits in his own defense, other obstructions were given to that part of the road by those charged with its repair.

The attempt to impeach the good character of the plaintiff herein has, in our opinion, wholly failed, and has not favorably impressed this Court as to the strength, if any, which defendant has in his side of the case. The first and important point of law in the case, and which, no doubt, largely influenced the judgment of the trial court, is the traffic ordinance relative to the lights which vehicles should have after the hours of daylight traffic. Art.IV.,Sec. 4 of the ordinance covering the street traffic in the City of New Orleans, particularly

574

the last clause thereof, reads as follows:

"All vehicles not motor propelled are required between one half hour after sunset and one half hour before sun rise, to have on the left side a light which will show white 200 feet to the front, and red 200 feet to the rear. In addition to this, all spring vehicles must carry a rear end light."

In the case before us these requirements have been wholly unobserved, and the liability of defendant cannot be avoided by pleading negligence on the part of plaintiff, such as has been urged by him in this case.

We find that though the street where the accident happened was under repair and was somewhat obstructed on the wood-side by the sand and gravel pile, the evidence is convincing that the river side of the thoroughfare was well open to traffic but for the unlawful and negligent acts of the defendant in obstructing same, and but for his added and gross negligence in failing to place upon the unlawful obstruction the lights and danger signals required by the traffic ordinance hereinabove quoted. There is no evidence before us that plaintiff was driving at a high rate of speed as alleged, but not proven, by defendant, or that plaintiff was in any other manner violating any traffic laws. We are convinced that the proximate cause of the accident was the wagon obstruction to the right of the road and that side of the road where the plaintiff had a right to be, and that defendant's failure to even light the obstruction as the law requires, deprived plaintiff even of his last clear chance to avoid the accident, had he also been in any manner negligent.

It may be properly presumed that had the wagon contained a red light in the rear that plaintiff would have seen it as he did the other red light on the sand-pile just a few feet directly opposite the wagon, and would thus have been notified of the double obstruction existing on either side of the road.

575

We have carefully examined the several authorities of our Supreme Court as cited in defendant's brief and supplemental brief, but find them not applicable to the facts before us, for the particular reason that defendant has violated the law in two respects most conclusively against him that of using the public street under any conditions as an over-night parking place, and in failing to take even the most ordinary care to notify the public by lighting the obstruction unlawfully placed in the highway.

The trial judge has undoubtedly given most careful consideration to the extent or evidence of physical damage sustained by the plaintiff, and the amount allowed by him, to wit, $700 does not seem to us as excessive. The amount of other damages allowed, as necessary repairs to the automobile and the small bill of plaintiff's doctor, does not seem to be in dispute.

We find no error in the judgment appealed from, and same is therefore affirmed.

### JUDGMENT AFFIRMED.